Dear Mr. Dunlap:
You have requested the opinion of this office as to an interpretation of LSA R.S. 9:3550(J). That is, whether an insurer transacting business in Louisiana may refuse premiums forwarded to it by a Louisiana licensed premium finance company.
LSA R.S. 9:3550(J) was enacted in 1992 and provides as follows:
 No insurer or its agent may refuse to issue a policy of insurance solely because the premiums therefor have been advanced by a premium finance company licensed in Louisiana with which the insurer or its agent is not affiliated or does not customarily do business.
This statute was one of several parts of Act 355 of 1992 which amended the law requiring licensing of businesses which finance insurance premiums in Louisiana. The Preamble to this Act states that the amendment is "to prohibit any insurer or its agent from refusing to issue an insurance policy solely because the premiums therefor have been advanced by certain premium finance companies." LSA R.S. 9:3550(A) states that:
 This Section shall apply to any person engaged in the business of financing insurance premiums, entering into premium finance agreements or otherwise acquiring premium finance agreements.
The effect of LSA R.S. 3550(J) appears to be the prohibition of discrimination against premium finance companies licensed in Louisiana who are not affiliated with the insurer or with whom the insurer does not customarily do business.
The issue raised by your request, however, is whether an insurer may refuse to do business with all premium finance companies and consequently, individuals with whom they have contracted. LSA R.S. 9:3545 provides that:
 Any insurance provided, sold, or obtained through an extender of credit shall be written at lawful rates and in accordance with the provisions of the Louisiana Insurance Code by a company authorized to do business in this state which is not under a court ordered rehabilitation, conservation, liquidation, or dissolution; provided however, that such insurance may be written in accordance with R.S. 22:1257 through 1270 if the provisions thereof are applicable.
The Louisiana Insurance Code allows any provision or condition in an insurance policy not prohibited by the Insurance Code.
LSA R.S. 22:620
 A. Any insurer may insert in its policies any provisions or conditions required by its plan of insurance or method of operation which are not prohibited by the provisions of this code.
The Louisiana Insurance Code prohibits discrimination against individuals and between insureds in several instances. LSA R.S. 22:652 prohibits unfair discrimination between persons having similar insuring risks.
 No insurer shall make or permit any unfair discrimination in favor of particular individuals or persons, or between insureds or subjects of insurance having substantially like insuring risk, and exposure factors, or expense elements, in the terms or conditions of any insurance contract, or in the rate or amount of premium charged therefor, or in the benefits payable or in any other rights or privileges accruing thereunder. This provision shall not prohibit fair discrimination by a life insurer as between individuals having unequal life expectancies.
LSA R.S. 22:636.2 prohibits cancellation and non-renewal of property, casualty, or liability insurance except under certain conditions.
 D. Notwithstanding any other provision of law to the contrary, no insurer providing property, casualty, or liability insurance shall cancel or fail to renew a homeowner's policy of insurance or to increase the policy deductible that has been in effect and renewed for more than three years unless based on nonpayment of premium, fraud of the insured, a material change in the risk being insured, two or more claims within a period of three years, or if continuation of such policy endangers the solvency of the insurer. This Subsection shall not apply to an insurer that ceases writing homeowner's insurance or to policy deductibles increased for all homeowners policies in the state.
 The Insurance Code also prohibits preferences and distinctions by an insurer based on membership or non-membership in a group at LSA R.S. 22:1534.
 A. No insurer or any person on behalf of any insurer shall make, offer to make, or permit any preference or distinction in property, marine, casualty, or surety insurance as to form or policy, certificate, premium, rate, benefits, or conditions of insurance, based upon membership, non-membership, employment, or of any person or persons by or in any particular group, association, corporation, or organization, except as noted herein.
 B. The restrictions and limitations of this section shall not extend or apply to life, health and accident or disability insurance.
The grouping of insureds for automobile insurance is allowed, subject to statutory limitations.
The courts have consistently agreed that the parties to an insurance contract may insert any provision or exclusion they agree to, so long as the policy complies with the Insurance Code or considerations of public policy. Louisiana Commercial Bank v. Georgia Intern. Life Insurance Co., App. 1 Cir. 1993,618 So.2d 1091, writ denied 620 So.2d 880.
The Louisiana Consumer Credit Law expressly provides that a consumer may, at their option, pay the cost of insurance from the proceeds of a consumer loan. LSA R.S. 9:3515. The Louisiana Insurance Code prohibits unfair discrimination between individuals or subjects of insurance "in the terms or conditions of any insurance contract." LSA R.S. 22:652. It is the opinion of this office that an insurer may not discriminate between applicants for insurance with substantially like insuring risk solely because the premium is advanced by a properly licensed premium finance company.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: MAZIE M. DOOMES Assistant Attorney General 400 North Boulevard Baton Rouge, LA 70802 (504) 342-9640